UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES OLEN MURRAY, III,

                Plaintiff,

                              **Hon. Hugh B. Scott**

            v.

                              07CV306S

BRIAN FISCHER, et al.,                             **Order**

                Defendants.

Before the Court are (a) plaintiff's motion to compel and for an Order allowing him to contact other inmates (Docket No. 26[1]) and (b) plaintiff's motion for enlargement of time to amend or name parties (Docket No. 29[2]). Responses to both motions were due to be filed on or before August 13, 2009, with any replies due on or before August 20, 2009, and the motions then was deemed submitted (without oral argument) on August 20, 2009 (Docket Nos. 28, 30). Separately, defendants sought an extension of time to respond to plaintiff's Interrogatories (letter of Assistant Attorney General Zimmermann to Chambers, Aug. 7, 2009), which was granted (Docket No. 34).

---

[1] In support of this motion, plaintiff submits affidavit of Desmond Grant, another inmate at Southport Correctional Facility, Docket No. 27. In opposition, defendants submit their attorney's declaration, Docket No. 32, and the declaration of M. Sheahan, Docket No. 33.

[2] In support of this motion, plaintiff submits his affidavit, Docket No. 29). Defendants did not file a formal response to this motion but their counsel wrote to Chambers indicating his agreement to an extension, letter of Assistant Attorney General George Zimmermann to Chambers, Aug. 18, 2009.

BACKGROUND

Plaintiff sued defendants arguing that his religious rights were being violated due to being deprived a Kosher meal during Passover when he was served a "restricted diet loaf," (Docket No. 17, Pl. Aff. ¶¶ 5-16, Exs. A-F; see generally Docket No. 1, Compl.; Docket No. 7, Am. Compl.). Plaintiff alleges that his First and Eighth Amendment rights were violated, as well as his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, et seq., by being fed a Kosher restricted diet loaf during Passover alleging that this loaf was leavened and prohibited during this holy day (Docket No. 7, Am. Compl. ¶¶ 42-45; see Docket No. 32, Defs. Atty. Decl. ¶ 4). The Complaint and Amended Complaint name Commissioner Brian Fischer, Southport Correctional Facility (hereinafter "Southport") superintendent David Napoli, and other Southport prison officials and employees, among others (Docket Nos. 1, Compl., 7, Am. Compl.). After the Order granting plaintiff in forma pauperis status dismissed claims in the original Complaint against some defendants, plaintiff filed his Amended Complaint and the remaining defendants jointly answered on March 25, 2009 (Docket Nos. 3, 7, 13; see Docket No. 32, Defs. Atty. Decl. ¶¶ 6-7). The Court denied (without prejudice) plaintiff's motion for appointment of counsel (Docket No. 24).

*Motion to Compel*

As a result of this denied application for counsel, plaintiff now needs to have inmate witnesses identified and be able to contact them regarding this case (see Docket No. 26, Pl. Motion). Plaintiff seeks disclosure of the inmates located at "D" Block of Southport from April 2, 2007, until February 2008, the time he was assigned to that cell block (id. at 1). Plaintiff claims he needs to identify these people in order to support his assertion that he made oral

objections to the restricted diet and to establish the existence of the practice at Southport and statewide to discriminate against Jewish inmates regarding their dietary needs (id. at 1, 3). He seeks an Order allowing him to correspond with other inmates in order to obtain their statements or affidavits in support of his claim (id. at 4).

Defendants object to plaintiff being given leave to contact inmate witnesses because such contact violates Department of Correctional Services ("DOCS") regulations (Docket No. 32, Defs. Atty. Decl. ¶¶ 11-14; Docket No. 33, Sheahan Decl. ¶¶ 6-9, 3-5, 10, Ex. A, DOCS Dir. 4422, Inmate Correspondence Program regulation). DOCS does not disclose to inmates the location of other inmates for safety and security of its facilities (Docket No. 33, Sheahan Decl. ¶¶ 3-5), while inmate-to-inmate correspondence requires special approval by the superintendents of both facilities (id. ¶ 7, Ex. A). Defendants also argue that the time period of inmates sought, from April 2, 2007, to February 2008, is overly broad, since Passover in 2007 occurred only in April 5-12, 2007 (Docket No. 32, Defs. Atty. Decl. ¶ 15). They indicate that plaintiff can call a non-inmate witness, Rabbi Matasar, regarding the diet he was ordered to have during Passover (id. ¶¶ 17-18), rather than require defendants to identify and then make available inmate "witnesses."

*Motion for Enlargement of Time*

Plaintiff then moved for enlargement of time to move to amend or add parties (Docket No. 29). Plaintiff contends that prison officials deprived him resources from the facility's law library to prosecute this claim to the full extent he wished, therefore he believed that he needed more time (90 days) to move for leave to amend the Complaint or add parties (id., Pl. Aff. ¶¶ 3-9,

3

1). The current Scheduling Order (Docket No. 15, entered Apr. 6, 2009) had motions for leave to amend or to add parties due by May 6, 2009.

Defense counsel wrote to Chambers, on August 18, 2009, noting that all deadlines should be extended if plaintiff's motion for an extension of the time to move to amend or add parties is granted (Zimmermann letter).

## DISCUSSION

I. Standards

    A. Compel Discovery

The Scheduling Order in this case ordered the parties to produce initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1) (Docket No. 15, Scheduling Order (Pro Se Prisoner Action) ¶ 3). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B) (effective Dec. 2007). Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

B.   Allow Inmate to Inmate Contact

DOCS Directive 4422 restricts inmate-to-inmate communication, requiring the approval of the superintendent at each facility, who investigates at both facilities whether the request would create problems "relating to the safety, security, or good order of the facilities, or the safety or well-being of any individual before any inmate-to-inmate correspondence is authorized," DOCS Dir. 4422B(6)(c), C(1) (Docket No. 33, Sheahan Decl. ¶¶ 7, 8, Ex. A). Other than relatives or codefendants (apparently criminal defendants) in active cases, inmate-to-inmate communication is approved only in "exceptional circumstances," DOCS Dir. 4422C(1)(b) (id.). If a prior communication arrangement was in place and an inmate is transferred, the approval to correspond to another inmate remains in effect, DOCS Dir. 4422C(1)(c) (id.).

C.   Enlargement of Time

Modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown. The fact that plaintiff is proceeding pro se also has to be factored in. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam) (the pleading of a pro se plaintiff is to be liberally construed).

II.     Compel Disclosure and Allow Contact with Inmate Witnesses

Defendants furnished initial Rule 26(a) disclosure that was filed (pursuant to this Court's Local Civil Rule 7.1(a)(1) because this is a pro se action) (Docket No. 23). Defendants only identified (aside from the parties and those disclosed in plaintiff's produced medical and disciplinary reports) one Department of Correctional Services' employee who had discoverable information that defendants may use in their defenses (id. ¶ 1), but no inmates were named as witnesses having discoverable material.

Plaintiff has not filed his discovery demands, as required by Local Civil Rule 7.1(a)(1) and he does not state whether he has requested in discovery demands that defendants identify these inmates. Assuming plaintiff had sought this information in discovery (or treating his motion as a discovery demand), he seeks these inmates as witnesses of his objections to being served a restricted diet during Passover and the fact that he was served this diet in retaliation for his litigiousness (see Docket No. 26, Pl. Motion at 1-2). While witnesses to plaintiff's objections to the diet served would be cumulative to his own testimony, whatever evidence of the intention of defendants in imposing this diet (including what his neighboring inmates heard) is relevant. Furthermore, plaintiff could not begin to comply with DOCS regulations regarding requesting permission to contact inmate witnesses if he does not know the names or locations of the inmates he wishes to contact. Thus, plaintiff's motion for this relief is **granted**; defendants shall furnish the names, inmate identification numbers, and current locations of the inmate witnesses sought in plaintiff's motion in **thirty (30) days** from entry of this Order.

III.     Order to Allow Inmate Contact

The Order allowing plaintiff (an inmate) to contact other inmates relative to this action causes a different issue. As noted by defendants, such inmate-to-inmate contact raises security and safety concerns in the facilities plaintiff and those he wishes to contact reside. Plaintiff makes this request because he is proceeding pro se, after denial of his latest application for appointment of counsel (Docket No. 24). Counsel, however, would have more leeway in contacting inmate witnesses than a pro se inmate.

In light of this, the Court has re-examined plaintiff's application for appointment of counsel and, by separate Order (Docket No. 35), appointed counsel. That way, direct inmate-to-inmate contact and the security concerns that arise thereunder are obviated.

IV.     Amendment of Scheduling Order

Plaintiff's second motion (Docket No. 29) seeks extension of the Scheduling Order (Docket No. 15), by ninety days from entry of the Order, to allow him to move to amend the Complaint. Defendants do not oppose this motion, stressing only that all deadlines should be extended (Zimmermann letter).

Plaintiff's motion is **granted**; good cause has been shown for extension of the deadlines in this case. The Court will issue an amended Scheduling Order following the status conference with newly appointed plaintiff's counsel.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 26) to compel disclosure of the inmates located at "D" Block of Southport Correctional Facility from April 2, 2007, until February 2008 is **granted in part**, in that defendants are to identify these inmates within **thirty**

7

**(30) days of entry of this Order**, and **denied in part (without prejudice)** for an Order to allow plaintiff to contact inmate witnesses, but without prejudice to newly appointed plaintiff's counsel having access to inmate witnesses (consistent with Department of Correctional Services' regulations).

Plaintiff's second motion for enlargement of time to move for leave to amend or to add parties by 90 days (Docket No. 29) is **granted** and the Court shall enter an Amended Scheduling Order after a status conference with new plaintiff's counsel. This status conference will be set by a separate Order.

So Ordered.

*/s/ Hugh B. Scott*<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
      August 28, 2009